RONALD J. THOMPSON, ESQ.
Nevada Bar No. 5524
E-mail: rthompson@nevadafirm.com
BRANDEN D. JUNG, ESQ.
Nevada Bar No. 14067
E-mail: bjung@nevadafirm.com
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile:  702/791-1912
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RSO CORPORATION, a Nevada corporation, dba WORLD WIDE SAFETY RENTAL SERVICES,<br><br>Plaintiff,<br>v.<br>NAVISTAR, INC., an Illinois corporation; DOES I - X, inclusive; and ROE BUSINESS ENTITIES I - X, inclusive,<br><br>Defendants. | Case No. **2:23-cv-01669-JAD-DJA**<br><br>**AMENDED PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**<br><br>**As amended on page 2** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LR 26-1 of the Local Rules of Practice for the United States District Court for the District of Nevada, RSO Corporation, dba World Wide Safety Rental Services ("Plaintiff") and Navistar, Inc. ("Defendant") (collectively "the Parties") set forth the following Amended Proposed Discovery Plan and Scheduling Order **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**:

1. **Discovery Cut-Off Date:** Defendant filed its answer on **December 18, 2023**. Discovery shall be completed on **June 17, 2024**, which is 180 days from December 18, 2023.

2. **Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add Parties shall be filed not later than **March 19, 2024**, 90 days before the discovery cut-off date.

3. **Expert Disclosures:** Initial disclosures of expert witnesses shall be made by **April 18, 2024**, 60 days before the discovery cut-off date. Disclosures of rebuttal experts shall be made by **May 20, 2024**, 30 days after the initial disclosure of experts.

4. **Dispositive Motions:** The deadline for filing dispositive motions shall be **July 17, 2024**, 30 days after the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended in accordance with the time periods set forth in this paragraph.

5. **Pretrial Order:** The deadline for filing the joint pretrial order shall be ~~September 13~~ **August 16, 2024**, 30 days after the date set for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after the decision on the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Rule 26(a) Disclosures**: The Parties served their initial disclosures pursuant to Rule 26(a)(1) on **December 18, 2023**. Plaintiff's Initial Rule 26(a)(1) Disclosure is attached as **Exhibit 1**, and Defendant Initial Rule 26(a)(1) Disclosure is attached as **Exhibit 2.**

8. **Scope of Discovery:** Discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and should not be limited to any particular issues. No changes should be made to limitations on discovery imposed under the standard Rules.

9. **Alternative Dispute Resolution:** The Parties have met and conferred at their Rule 26(f) conference about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and, if applicable, early neutral evaluation. The Parties mutually believe that discovery is necessary before they can meaningfully participate in alternative dispute resolution.

10. **Alternative Forms of Case Disposition:** The Parties conferred and considered at their Rule 26(f) conference the possibilities of consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The Parties mutually decline to participate in either of these forms of alternative case disposition. Plaintiff and Defendant have both filed demands for a jury trial pursuant to Rule 38(b).

11. **Electronic Evidence:**

The Parties have discussed whether they plan to introduce evidence in electronic format to the jury. At this time, the parties do intend to present evidence in electronic format. The Parties agree to present evidence in a format that is compatible with the Court's electronic jury evidence display system. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure. Although the Parties agree to produce responsive documents in hard copy or PDF format initially, such agreement is without prejudice to a Party's right to seek native format documents and data for specified categories of production either initially or in a follow-up request.

The Parties agree to meet and confer about additional electronic discovery parameters as they arise and to work in good faith to reach a resolution about the format of the production. If disputes arise regarding the format of production, the Parties will first meet and confer to attempt to resolve any such issues without court intervention. However, the Parties reserve the right to seek the Court's assistance where such disputes cannot be resolved despite good faith efforts to do so.

| HOLLEY DRIGGS | EVANS FEARS SCHUTTERT MCNULTY MIKUS |
|---|---|
| /s/ Branden D. Jung<br>Ronald J. Thompson Esq.<br>Nevada Bar No. 5524<br>Branden D. Jung, Esq.<br>Nevada Bar No. 14067<br>300 South Fourth Street, Suite 1600<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff* | /s/ Skylar Arakawa-Pamphilon<br>Joshua D. Cools, Esq.<br>Nevada Bar No. 11941<br>Skylar Arakawa-Pamphilon, Esq.<br>Nevada Bar No. 15864<br>6720 Via Austi Parkway, Suite 300<br>Las Vegas, Nevada 89119<br>*Attorneys for Defendant* |

**IT IS SO ORDERED.**

Dated: December 20, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

14473-02/3057309.docx

# EXHIBIT 1

# EXHIBIT 1

RONALD J. THOMPSON, ESQ.
Nevada Bar No. 5524
E-mail: rthompson@nevadafirm.com
BRANDEN D. JUNG, ESQ.
Nevada Bar No. 14067
E-mail: bjung@nevadafirm.com
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile:  702/791-1912
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RSO CORPORATION, a Nevada corporation, dba WORLD WIDE SAFETY RENTAL SERVICES,<br><br>Plaintiff,<br><br>vs.<br><br>NAVISTAR, INC., an Illinois Corporation; DOES I-X, inclusive; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | Case No: 2:23-cv-01669-JAD-DJA<br><br>**PLAINTIFF'S INITIAL DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO FRCP 26(a)(1)** |

Plaintiff RSO Corporation dba World Wide Safety Rental Services ("Plaintiff") by and through its counsel of record, Holley Driggs, Ltd., hereby provide its Initial Disclosures Pursuant to FRCP 26(a)(1) and FRCP 30(b)(6) as follows:

### **WITNESSES**

Pursuant to FRCP 26(a)(1) and FRCP 30(b)(6), Plaintiff discloses the following individuals who are believed to have knowledge of the events and circumstances surrounding the subject matter of this action:

1. FRCP 30(b) Designee(s) and/or Custodian of Records
   McCandless Truck Center

14473-02/3049760

1

|   |   |
|---|---|
| 1 | 3780 Losee Road |
|   | North Las Vegas Nevada 89030 |

The FRCP 30(b)(6) Designee(s) and/or Custodian(s) of Records for Sierra Truck Body & Equipment is expected to testify regarding the facts, circumstances, and documents surrounding the events which are the subject of this action.

2. FRCP 30(b)(6) Designee(s) and/or Custodian of Records
Sierra Truck Body & Equipment
4495 Copper Sage Street
Las Vegas, Nevada 89115

The FRCP 30(b)(6) Designee(s) and/or Custodian(s) of Records for Sierra Truck Body & Equipment expected to testify regarding the facts, circumstances, and documents surrounding the events which are the subject of this action.

3. FRCP 30(b) Designee(s)/Custodian of Records
Plaintiff RSO Corporation dba World Wide Safety Rental Services
c/o HOLLEY DRIGGS
Ronald J. Thompson, Esq.
Branden D. Jung, Esq.
300 S. Fourth Street, Suite 1600
Las Vegas, Nevada 89101

The FRCP 30(b)(6) Designee(s) and/or Custodian(s) of Records Plaintiff is expected to testify regarding the facts, circumstances, and documents surrounding the events which are the subject of this action.

4. FRCP 30(b) Designee(s)/Custodian of Records
Defendant Navistar Inc. ("Navistar")
c/o EVANS FEARS SCHUTTERT MCNULTY MICKUS
Joshua D. Cools, Esq.
Skylar Arakawa-Pamphilon, Esq.
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119

The FRCP 30(b)(6) Designee(s) and/or Custodian(s) of Records for Navistar is expected to testify regarding the facts, circumstances, and documents surrounding the events which are the subject of this action.

14473-02/3049760

2

1    5.  FRCP 30(b) Designee(s)/Custodian of Records
         Imperial Industries Inc. ("Imperial")
2        550 W. Industrial Park Ave.
         Rothschild, WI 54474-7197

The FRCP 30(b)(6) Designee(s) and/or Custodian(s) of Records for Imperial is expected to testify regarding the facts, circumstances, and documents surrounding the events which are the subject of this action.

## DOCUMENTS

In accordance with FRCP 26(a)(1), Plaintiff identifies the following documents, electronically stored information, and tangible things that they have in their possession, custody, or control and may use to support its claims or defenses.

| DOCUMENT DESCRIPTION | BATES |
|---|---|
| Subject Vehicle Purchase Invoice dated 12/29/2021 | RSO 000001 |
| Subject Vehicle Repair Invoices | RSO 000002 – RSO 000008 |
| Navistar Limited Warranty Document | RSO 00000 – RSO 000010 |
| Plaintiff's January 2022 to December 2022 Monthly Portable Restroom Business Income Statements | RSO 000011 – RSO 000022 |
| Plaintiff's January 2023 to November 2023 Monthly Portable Restroom Business Income Statements | RSO 000023 – RSO 000034 |
| Warranty Registration Form | RSO 000035 |
| Purchase Invoice for 2023 Mack MD6 4 x 2 Cummins B 240 HP (26000 GVWR) Truck | RSO 000036 |

## COMPUTATIONS OF DAMAGES

Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiff discloses the following initial computation of damages.

| | | | |
|---|---|---|---|
| 1 2 3 4 | Consequential/Special Damages for Loss of Portable Restroom Business Earnings | **Average Monthly Earnings from 1/2022 through 7/2022 (Two Trucks Operating)[1]** | Total Average Monthly Income for Period: $205,856.56<br><br>Average Monthly Income Per Truck: $102,928.28 |
| 5 6 7 8 9 | | **Average Monthly Earnings 8/2022 through 9/2023 (Three Trucks Operating)** | Total Average Monthly Income for Period: $306,005.30<br><br>Average Monthly Income Per Truck: $102,001.77 |
| 10 11 12 13 | | **Average Monthly Earnings 10/2022 through 11/2023 (Four Trucks Operating)** | Total Average Monthly Income for Period: $451,942.44<br><br>Average Monthly Income Per Truck: $112,985.61 |
| 14 15 16 | | **Average Earnings Per Truck Per Month from 2022-2023** | $109,406.84 |
| 17 18 | | **Total Loss of Earnings Damages** | $109,406.84*~7.27 Months[2] Subject Vehicle was under Repair=**$795,387.73** |
| 19 | Compensatory Damages for the Subject Vehicle's Depreciation while it was Out-of-Service | | TBD |
| 20 21 | Compensatory Damages for Subject Vehicle's Depreciation in Value due to its Repair History | | TBD |
| 22 | Compensatory Damages for the Need to Purchase a 2023 Mack MD6 4 x 2 | | Subject Vehicle Price: $58,721.74+ $61,278.25 (assembly) + $4,700.00 (shipping freight costs) = |

---

[1] This represents the approximate time period between delivery of the Subject Truck in early January 2022 until delivery Replacement Truck at the end of July 2023.

[2] The subject vehicle was under repair for a total of 221 days.

| | |
|---|---|
| Cummins B 240 HP (26000 GVWR) Replacement Truck ("Mack Truck") | $124,699.99<br><br>Mack Truck Price:<br>$80,906.59 + $75,093.41 (PTM 1900SS Assembly)=$153,500.00<br><br>$153,500.00-$124,699.99=**$28,800.01** |
| Incidental Damages for the Subject Vehicle's Registration and Insurance Fees while the Subject Vehicle was Out-of-Service | TBD |
| Attorneys' Fees and Costs as may be Awarded by Statute, Other Law, or as Special Damages | TBD |
| Total Damages | **$824,187.734+** |

Discovery is ongoing, and Plaintiff reserves its right to amend and supplement its computation of damages.

## INSURANCE

None applicable.

DATED this 18th day of December, 2023.

                                           **HOLLEY DRIGGS**

                                           */s/ Branden D. Jung*
                                           RONALD J. THOMPSON, ESQ.
                                           Nevada Bar No. 5524
                                           BRANDEN D. JUNG, ESQ.
                                           Nevada Bar No. 14067
                                           300 South Fourth Street, Suite 1600
                                           Las Vegas, Nevada 89101
                                           *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(1)** was served by email on the 18th day of December 2023 to the following:

Joshua D. Cools, Esq.
Skylar Arakawa-Pamphilon, Esq.
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
jcools@efsmmlaw.com
sarakawa@efsmmlaw.com
*Attorneys for Defendant Navistar, Inc.*

　　　　　　　　　　　　　　　　　　　　/s/ Kathy MacElwain
　　　　　　　　　　　　　　　　　　　　An employee of HOLLEY DRIGGS

14473-02/3049760

6

# EXHIBIT 2

# EXHIBIT 2

Joshua D. Cools, Esq. (SBN 11941)
Skylar Arakawa-Pamphilon, Esq. (SBN 15864)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone: 702-805-0290
Facsimile: 702-805-0291
jcools@efsmmlaw.com
sarakawa@efsmmlaw.com
*Attorneys for Defendant Navistar, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RSO CORPORATION, a Nevada corporation, dba WORLD WIDE SAFETY RENTAL SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>NAVISTAR, INC., an Illinois corporation; DOES I-X, inclusive; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-01669-JAD-DJA<br><br>**DEFENDANT NAVISTAR, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. RULE 26** |

Defendant Navistar, Inc. ("Navistar"), by its attorneys, Evans Fears Schuttert McNulty Mickus, hereby makes its initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure:

**PRELIMINARY STATEMENT**

All disclosures herein are based on information reasonably available at the present time, and Navistar reserves its right to supplement these disclosures if Navistar becomes aware of any additional information relevant to this lawsuit. All disclosures are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve: (1) all objections as to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other action; (2) the right to object on

any grounds at any time to the use of these disclosures or documents and information obtained as a result of these disclosures, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action; and (3) the right, at any time, to revise, correct, supplement, clarify and/or amend the disclosures set forth herein.

Furthermore, by submitting these initial disclosures, Navistar does not waive, and expressly preserves any objections or defenses that it may have to RSO's claims.

## DISCLOSURES

I. Rule 26(a)(1)(A)(i): *The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

**DISCLOSURE:** Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Navistar identifies the following individuals who may have discoverable information that Defendant may use to support its claims or defenses in this case. Defendant's disclosure is limited in scope to individuals most likely to have information that is relevant and proportional to the claims and defenses at issue:

| Name, Address, Phone | Subjects |
|---|---|
| Corporate representative for Plaintiff RSO Corporation<br>c/o Holley Driggs<br>300 South Fourth Street, Suite 1600<br>Las Vegas, NV 89101 | Facts and circumstances surrounding the subject litigation, including but not limited to the sale and service of the Subject Vehicle. |
| Corporate representative for Imperial Industries Inc. | Facts and circumstances surrounding the sale of the Subject Vehicle. |
| Corporate representative for Defendant Navistar, Inc.<br>c/o Evans Fears Schuttert McNulty Mickus<br>6720 Via Austi Parkway, Suite 300<br>Las Vegas, NV 89119 | Facts and circumstances surrounding the subject litigation, including the warranty and warranty repairs of the subject vehicle the Subject Vehicle. |
| McCandless International Trucks, Inc.<br>7380 Losee Road,<br>North Las Vegas, NV 89030 | Facts and circumstances surrounding service of the Subject Vehicle. |
| Sierra Truck Body & Equipment<br>4495 Copper Sage Street,<br>Las Vegas, NV 89115 | Facts and circumstances surrounding service of the Subject Vehicle. |

The above list is not all-inclusive, and Navistar reserves the right to identify other witnesses who may possess information related to the subject matter of RSO's Complaint, including any and all witnesses listed, identified or disclosed by RSO.

> II. Rule 26(a)(1)(A)(ii): *A copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment.*

**DISCLOSURE:** Defendant discloses the following categories of documents that, at this point in time, it intends to use to support its defenses and which are relevant and proportional to the claims and defense at issue in this case:

1. The Subject Vehicle warranty (electronically stored);

2. Build information for the Subject Vehicle (electronically stored); and

3. Subject Vehicle warranty claims, repairs, recalls, and technical service bulletins (electronically stored).

Navistar is currently in the process of identifying and collecting documents for the above-referenced categories.

Navistar reserves the right to object to the production of any document within the categories of documents described in these disclosures on any basis permitted by the Federal Rules of Civil Procedure and/or Nevada law. In particular, certain documents included within the foregoing categories are not discoverable to the extent they are protected from disclosure by the attorney-client privilege and/or work product doctrine and/or a person's and/or entity's privacy rights and/or which constitute confidential business records and/or trade secret. Additionally, as discovery continues, Defendant reserves the right to supplement its production and this response.

> III. Rule 26(a)(1)(A)(iii): *A computation of each category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

**DISCLOSURE:** Navistar is not alleging any damages, and as such is unable to disclose, as required by Rule 26(a)(1)(A)(iii), a computation of any category of damages claimed by the disclosing party.

///

IV. Rule 26(a)(1)(A)(iv) *For inspection and copying as under rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

**DISCLOSURE:** Navistar is self-insured by and in an amount sufficient to satisfy any potential judgment in this matter.

Dated: December 18, 2023.

**EVANS FEARS SCHUTTERT
MCNULTY MICKUS**

*/s/ Joshua D. Cools*
Joshua D. Cools, Esq. (SBN 11941)
Skylar Arakawa-Pamphilon, Esq. (SBN 15864)
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
*Attorneys for Defendant Navistar, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT NAVISTAR, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. RULE 26** was served by email on December 18, 2023, to the following:

Ronald J. Thompson
rthompson@nevadafirm.com
Branden D. Jung
bjung@nevadafirm.com
HOLLEY DRIGGS
Attorneys for Plaintiff RSO Corporation

                         */s/ Faith Radford*
                         An Employee of Evans Fears Schuttert McNulty Mickus