# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RSO CORPORATION,<br><br>    Plaintiff(s),<br><br>v.<br><br>NAVISTAR, INC.,<br><br>    Defendant(s). | Case No. 2:23-cv-01669-JAD-NJK<br><br>**Order**<br><br>[Docket No. 43] |

Pending before the Court is a fourth stipulation for relief from the case management deadlines. Docket No. 43.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The instant stipulation is predicated on the following reasoning:

> Navistar noticed Ms. Salazar's deposition for January 2, 2025, which date is within the bounds of the current discovery period. Ms. Salazar was unavailable on that date. The parties attempted to move the deposition to a mutually agreeable date before the current January 13, 2025 discovery cut off. However, Navistar's counsel, Joshua Cools and Skylar Arakawa-Pamphilon, will be out-of-state for a product liability trial beginning January 6, 2025, and it is expected to go through mid-February 2025. This left only January 1 (which is a federal legal holiday), 2, and 3 as potential deposition dates that Navistar's counsel was available before the January 13, 2025 discovery cut off and after rebuttal expert disclosure deadline of 12/31/2024. Given the winter holidays, Ms. Salazar is unavailable on those dates. The parties are hoping for an additional 45 days to afford the opportunity to conduct the deposition of Ms. Salazar on a date that accommodates all parties. As stated, Navistar's counsel will be in Butte County until approximately mid-February.

Docket No. 43 at 3 (footnote omitted).

There are several problems with this request, but the Court will focus on the most obvious problem: the state court docket. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records). The docket in *Johnson* v. *Monsanto*, Case No. 23-cv-00614 (Sup. Ct. Butte Cnty.) reflects that trial is scheduled to begin on January 13, 2025, so it is unclear why counsel cannot be available for the deposition in this case up until that date (as opposed to January 6, 2025). While the Court understands that trials can require lead-up work, the state docket reflects that these attorneys are two of the 11 attorneys of record for Defendant Monsanto in that case.[1] It is not clear why the two attorneys here cannot be available for a single deposition during the trial lead-up period. Moreover and significantly, the state court docket reflects a 15-day estimate for trial, which casts doubt on why counsel are representing here that trial "is expected to go through mid-February 2025."

In short, it is not clear that this single deposition cannot be conducted through the exercise of reasonable diligence by the current discovery cutoff of January 13, 2025. Even were that not the case, it does not appear that a 45-day extension of the discovery cutoff in general would be warranted.[2] Accordingly, the Court **DENIES** the pending stipulation for relief from case management deadlines.

IT IS SO ORDERED.

Dated: December 30, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The filing here does not reflect the role that these particular attorneys will take in the state court trial, only that they will be "involved" in that trial. *See* Docket No. 43 at 3 n.2.

[2] The local rules require requests to extend case management deadlines to provide a "*specific* description of the discovery that remains to be completed." Local Rule 26-3 (emphasis added). Filing a request indicating that "[a]ny additional discovery" the parties deem appropriate remains outstanding does not comply with that requirement. *But see* Docket No. 43 at 3. Again, the only reasoning articulated for the current request relates to the scheduling of the deposition of Ms. Salazar.

2