# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RSO Corporation dba World Wide Safety Rental Services, | Case No.: 2:23-cv-01669-JAD-NJK |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment and Closing Case** |
| v. | [ECF Nos. 46, 47] |
| Navistar, Inc., | |
| Defendant | |

In this removed action, RSO Corporation dba World Wide Safety Rental Services sues Navistar Inc. for breach of warranty after a commercial truck it purchased from Navistar experienced mechanical defects that took it out of service for approximately 250 days while Navistar performed warranted repairs. RSO theorizes that the warranty required repairs to be completed in a reasonable time, and this process was so long that the repair remedy failed its essential purpose, entitling RSO to remedies otherwise disclaimed by the warranty. Navistar moves for summary judgment, arguing that RSO cannot establish two essential elements of its claim—breach or damages. Because the warranty does not contain a time limit for the repair remedy, RSO cannot establish that Navistar's extended repair period constitutes a breach of the express warranty. And the essential-purpose doctrine doesn't apply here because the truck was ultimately repaired as promised. So I grant summary judgment in favor of Navistar and close this case.

**Background**

RSO Corporation opened a new branch of its business in 2021 that was dedicated to renting and servicing portable toilets.[1]  That year, it purchased a commercial truck used to transport portable restrooms and pump waste, manufactured by Navistar.[2]  When RSO purchased the Navistar truck, it already had two Ram trucks for these same purposes.[3]  The new truck supplemented RSO's portable-restroom and waste-pumping operations, allowing RSO to offer greater hauling and pumping capacity than with the Ram trucks alone.[4]

**A.    Repairs take the Navistar truck out of service for 250 days.**

RSO took delivery of the truck in early January 2022, but it almost immediately began experiencing mechanical issues.[5]  It was out of service for three extended periods, for a total of approximately 250 days: January 5, 2022 to July 6, 2022, August 5, 2022 to September 16, 2022, and January 16, 2023 to January 26, 2024.[6]  RSO claims that its business operations were disrupted during each of these periods.[7]  By February 2024, repairs on the Navistar truck were completed[8] at a Navistar-authorized warranty-repair shop and at no cost to RSO.[9]  RSO now uses

---

[1] ECF No. 47-2 at 4:6–12.

[2] ECF No. 46-3 at 30:23–29:2.

[3] *Id.* at 33:12–23.

[4] ECF No. 46-2.

[5] ECF No. 46-3 at 41:1–43:10; *see* ECF No. 46-5.

[6] *See* ECF No. 46-5.

[7] ECF No. 46-3 at 46:3–47:6.

[8] ECF No. 46-5.

[9] ECF No. 46-3 at 93:19–22, 106:12–15.

1    the Navistar truck daily for its business operations, and the truck's previous defects cause no

2    impediment to its current daily operations.[10]

3    **B.      The Navistar express warranty promises repairs or parts replacement.**

4           The express limited warranty that came with the truck states that Navistar will "repair or

5    replace any part . . . which proves to be defective in material or workmanship, in normal use and

6    service."[11]  It also expressly states that "no warranties are given beyond those described herein"

7    and that the warranty "excludes liability for incidental and consequential damages, on the part of

8    the company or seller."[12]  No representations were made by Navistar to RSO about the truck

9    outside of what was included in this written warranty.

10

11   **C.      RSO claims that the lengthy repair process breached Navistar's obligation to repair
           or replace parts within a reasonable time.**

12          RSO filed this suit in state court against Navistar for breach of warranty, violation of

13   Nevada's lemon-law statute, and declaratory relief, but the case was removed to federal court

14   based on diversity jurisdiction.[13]  A motion to dismiss cut the case down to a single breach-of-

15   warranty claim in which RSO theorizes that Navistar failed to repair the truck's mechanical

16   defects "to conform to the warranty in a reasonable amount of time and/or after a reasonable

17   number of attempts."[14]

18

19

20

---

21   [10] *Id.* at 182:3–11.

     [11] ECF No. 46-4 at 2.

22   [12] *Id.* at 3.

23   [13] ECF No. 1.

     [14] ECF No. 1-1 at 11.

**D.    Navistar moves for summary judgment.**

Navistar seeks summary judgment on this lone remaining claim, arguing that it honored the warranty as written and that it is entitled to judgment as a matter of law.[15]  According to Navistar, RSO is trying to read new terms into the warranty by applying the essential-purpose doctrine,[16] which entitles a purchaser to pursue the full range of UCC remedies when a limited remedy fails its essential purpose.[17]  Navistar argues that the essential-purpose doctrine has never been applied in Nevada to establish the breach element of an express-warranty claim.[18]  RSO opposes Navistar's motion, contending that a warrantor can be found to have breached a repair-or-replace warranty if the repairs are not completed in a reasonable amount of time and number of attempts.[19]  RSO adds that the "record contains ample evidence" from which "a jury could find [that] the [t]ruck was not repaired after a reasonable amount of time or repeat attempts, and the [w]arranty failed for its essential purpose."[20]

**Discussion**

**A.    RSO's breach-of-warranty claim fails because Navistar's express warranty does not contain a reasonable-time limit for repairs, and the essential-purpose doctrine cannot bridge the gap.**

"In a breach-of-warranty cause of action, a plaintiff must prove that a warranty existed, the defendant breached the warranty, and the defendant's breach was the proximate cause of the

---

[15] *Id.* at 4.

[16] *Id.*

[17] *See* Nev. Rev. Stat. § 104.2719(2).

[18] ECF No. 46 at 11.

[19] ECF No. 49 at 8.

[20] *Id.* at 6.

4

loss sustained."[21]  In its motion for summary judgment, Navistar argues that RSO cannot establish a genuine issue of material fact for two of these elements—breach and damages.[22] RSO counters that it has presented facts demonstrating unreasonable repair delays and repeated repair failures, making these issues questions for the jury.[23]

### 1.    *Navistar's express warranty does not contain a reasonable-time requirement.*

Courts in Nevada have held that general contract-interpretation principles govern the interpretation of express warranties, and unambiguous contracts must be construed according to their plain language.[24]  The warranty language that RSO relies on in this case says only that Navistar "will repair or replace any part of this vehicle which proves defective in material or workmanship, in normal use or service."[25]  It does not contain a time limit for the warranted repairs,[26] and a court cannot "interpolate in a contract what the contract does not contain."[27]

Apparently recognizing that the plain language of Navistar's express warranty contains no reasonable-time requirement, RSO contends that the law implies such a requirement into repair-or-replace clauses.  It represents to the court that the law holds that "[a] warrantor can be found to have breached a 'repair or replace' warranty if the repairs are not completed in a reasonable amount of time and through a reasonable number of attempts."[28]  RSO cites

---

[21] *Nev. Contract Servs., Inc. v. Squirrel Cos.*, 8 P.3d 896, 899 (Nev. 2003) (cleaned up).

[22] ECF No. 46 at 10.

[23] ECF No. 49 at 15.

[24] *Progressive Ins. Co. v. Sacramento Cnty. Coach Showcase*, 2008 WL 5377993, at *3 (D. Nev. Dec. 23, 2008); *Sheehan & Sheehan v. Nelson Malley & Co.*, 117 P.3d 219, 223–24 (Nev. 2005).

[25] ECF No. 46-4 at 2.

[26] *See id.*

[27] *Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 87 P.3d 1054, 1059 (Nev. 2004).

[28] ECF No. 49 at 8.

1  *Philippine National Oil Co. v. Garrett Corp.* and *Spindler v. General Motors* for this

2  proposition.[29]

3      But those cases don't stand for this proposition because the reasonable-time requirement

4  in both cases came from the express language of the warranties themselves.  The warranty at the

5  center of *Philippine National Oil Co.* said that the buyer would "be credited for their value at the

6  original purchase price" "if [the purchaser] is unable to repair or replace defective or

7  nonconforming Articles or parts within a reasonable time."[30]  Similarly, in *Spindler*, the warranty

8  provided that "[r]easonable time must be allowed for the dealer to perform necessary repairs."[31]

9  So the law did not imply this reasonable-time requirement into these warranties; the requirement

10  was written into the warranty language itself.  RSO thus has not established that the law infuses

11  into Navistar's repair remedy a reasonable-time warranty that could have been breached by the

12  lengthy repair process that occurred here.

13          **2.    *The essential-purpose doctrine does not apply in this case.***

14      Unable to show that an express warranty term was breached, RSO attempts to use the

15  essential-purpose doctrine as a gap-filler.  RSO theorizes that because the truck was out of

16  service for an unreasonable length of time, the repair remedy in the warranty failed its essential

17  purpose and RSO is entitled to recover the disclaimed remedies of compensatory and incidental

18  damages.[32]  But the essential-purpose doctrine doesn't supply the breach bridge that RSO thinks

19  it does.

20

21  _____

[29] *Id.* at 9.

22  [30] *Philippine Nat. Oil Co. v. Garrett Corp.*, 724 F.2d 803, 806 (9th Cir. 1984).

23  [31] *Spindler v. Gen. Motors, LLC*, 616 F. Supp. 3d 943, 946 (N.D. Cal. 2022).

[32] ECF No. 49 at 8–14.

Nevada's essential-purpose doctrine, found in NRS 104.2719(2), isn't a breach substitute, it's a remedy expander.[33]  Found under the subsection of Chapter 104 titled "Remedies," it opens up the types of damages available when warranty language limits the buyer's remedies—often to repairs and replacement of parts—but that remedy ultimately leaves the buyer with nothing.[34]  As one treatise explains it, "There are probably relatively few situations where a remedy can fail of its essential purpose," but the most common one is "when the exclusive remedy involves replacement or repair of defective parts, and the seller because of his negligence in repair or because the goods are beyond repair, is unable to put the goods in warranted condition."[35]

The Nevada Supreme Court found such a situation in *Newmar Corp. v. McCrary*.[36]  Soon after McCrary bought a motorhome, it experienced significant electrical issues, making it unsafe to drive.[37]  The vehicle underwent numerous repairs at the manufacturer's factory and other repair shops but was never fixed.[38]  The Court held that McCrary was not bound by the manufacturer's disclaimer of incidental and consequential damages because "repeated failed attempts to repair the motorhome under the expanded warranty resulted in the frustration and deprivation of [her] benefit of the bargain to the point that no remedy was available to her."[39]

---

[33] Nev. Rev. Stat. § 104.2719(2).

[34] *Id.*

[35] *Ehlers v. Chrysler Motor Corp.*, 226 N.W.2d 157, 162 (S.D. 1975) (concurring opinion) (citing J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code, Sec. 12–10, p. 382).

[36] *Newmar Corp. v. McCrary*, 309 P.3d 1021 (Nev. 2013).

[37] *Id.* at 1023.

[38] *Id.*

[39] *Id.* at 1026.

As *McCrary* demonstrates, the gateway inquiry for the essential-purpose doctrine is whether the repair-or-replacement remedy was ineffectual.[40] That gate is closed here. Unlike in *McCrary*, in which the manufacturer was unable to put the motorhome in its warranted condition, RSO's truck was ultimately repaired.[41] The record shows without dispute that it was working for nearly 18 months after the 2022 repairs, and ever since the February 2024 repairs.[42] So it cannot be said that the repair-and-replacement remedy in the Navistar warranty failed its essential purpose; there was just a delay in realizing that purpose.

RSO cites several state-court cases for the proposition that courts have "allowed breach of express warranty damages based on the failure of the repair remedy alone."[43] But each is materially distinguishable or mischaracterized. In *Ehlers v. Chrysler Motor Corp.*, an automobile that the plaintiff purchased had an undersized crankshaft, a faulty transmission, and improperly installed windows.[44] The purchaser returned the car for repairs, but Chrysler refused to make them at all because it believed that the vehicle's odometer had been tampered with.[45] The South Dakota Supreme Court found that, because Chrysler refused repairs altogether, the purchaser was "deprived of the 'substantial value of the bargain,'" and therefore, the remedy

---

[40] *See S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1374 (9th Cir. 1978) (analyzing California's essential-purpose analog and holding that "the inability to cure substantial defects" in a tunnel-boring machine indicated "that the repair remedy so failed").

[41] *See McCrary*, 309 P.3d at 1026; ECF No. 46-3 at 93:19–22, 106:12–15.

[42] *See* ECF No. 46-5.

[43] ECF No. 49 at 9.

[44] *Ehlers*, 226 N.W.2d at 162.

[45] *Id.* at 158.

1  failed its essential purpose.[46]  Unlike Ehlers, RSO was not refused repairs, they just took a while
2  to complete.

3          RSO cites the Nebraska Supreme Court's opinion in *Koperski v. Husker Dodge Inc.*[47] as
4  an example of a case in which "repeated failed repair efforts 'deprive[d] the purchaser of the
5  benefit of the bargain to the point that no remedy is available.'"[48]  But the *Koperski* court
6  actually affirmed the trial court's finding that the plaintiff did not to prove that the warrantor had
7  breached its warranty.[49]  The court specifically noted that the record made clear the plaintiff
8  "was never denied repair services" "nor was she charged for some."[50]  It further found that "the
9  principal defect complained of was with regard to the transmission of the vehicle, and the
10  transmission was, in fact, once replaced."[51]  After the plaintiff demanded a new car, the seller
11  "replaced the transmission a second time . . . [and] had road tested and checked the vehicle and
12  found that the transmission was working properly and was not defective."[52]  In light of these
13  repairs, the court found that the car was not "so riddled with defects that the limited remedy of
14  repair and replacement fail[ed]."[53]  So, *Koperski* is actually analogous to the instant case and
15  supports the conclusion that the essential-purpose doctrine doesn't apply here.

16

17

18  _____

19  [46] *Id.* at 161.

    [47] *Koperski v. Husker Dodge, Inc.*, 302 N.W.2d 655 (Neb. 1981).
20  [48] *Id.* at 666.

21  [49] *Id.*

    [50] *Id.* at 665.
22  [51] *Id.*

23  [52] *Id.*

    [53] *Id.* at 666.

RSO lastly offers *Clark v. International Harvester Co.*,[54] in which the defendants warranted that the plaintiffs would "receive a tractor 'free from defects in material and workmanship under normal use and service.'"[55]  The Idaho Supreme Court concluded that the defendants were obligated to repair or replace defective parts within a reasonable time.[56]  But it relied on an Idaho statute prescribing that "[t]he time for shipment or delivery or any other action under a contract if not provided in this chapter or agreed upon shall be a reasonable time."[57] RSO points to no statutory equivalent in Nevada law.

In sum, the laws of contract interpretation prevent RSO from grafting a reasonable-time condition onto Navistar's repair-or-replace warranty.  The essential-purpose doctrine supplies no reasonable-time requirement either.  And the doctrine has no application here because RSO's truck was repaired as warranted.  So Navistar is entitled to summary judgment on RSO's breach-of-warranty claim.

**B.    Navistar's motion to exclude RSO's damages expert is denied as moot.**

Along with its summary-judgment motion, Navistar filed a motion to exclude the opinion of RSO's expert Michelle Salazar, who was retained to give testimony on RSO's lost profits while the truck was under repair.[58]  Because I grant summary judgment on the breach element and don't reach the issue of damages, I need not and do not consider whether Salazar's testimony must be excluded.  And because the grant of summary judgment ends this case, I deny as moot the motion to exclude Salazar's testimony.

---

[54] *Clark v. Int'l Harvester Co.*, 581 P.2d 784 (Idaho 1978).

[55] *Id.* at 798.

[56] *Id.* at 799.

[57] *Id.* (citing I.C. § 28-2-309(1)).

[58] ECF No. 47-3 at 23.

### Conclusion

IT IS THEREFORE ORDERED that Navistar's motion for summary judgment **[ECF No. 46] is GRANTED**. The Clerk of Court is directed to **ENTER FINAL JUDGMENT for Navistar and against RSO and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Navistar's motion in limine to exclude Michelle Salazar's expert testimony **[ECF No. 47] is DENIED as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
July 21, 2025

11